**Penn A. Dodson (PD2244)**
**Alexander L. Gastman (AG8241)**
ANDERSONDODSON, P.C.
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 tel.
(646) 998-8051 fax
*penn@andersondodson.com*
*alex@andersondodson.com*

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GOPAL KRISHNA,<br><br>                    Plaintiff,<br><br>v.<br><br>LOUISE BLOUIN MEDIA GROUP, INC., and<br>LOUISE BLOUIN, an individual<br><br>                    Defendants. | **COMPLAINT FOR DAMAGES**<br><br>Case No. _____<br><br><u>**JURY TRIAL REQUESTED**</u> |

## INTRODUCTION

1. Plaintiff Gopal Krishna worked as a vice president for Defendants' marketing and media company for approximately a year and seven months. During this time, Defendants entirely failed to pay Plaintiff for months at a time, misclassified Plaintiff as an independent contractor, and failed to reimburse him for expenses. To challenge these and other wage violations, Plaintiff brings this action, by and through his attorneys, against Defendants Louise Blouin Media Group, Inc. and Louise Blouin, individually (collectively as "Defendants") to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

(hereinafter "FLSA"), and the New York Minimum Wage Act, N.Y. Lab. Law, Art. 19, § 650, *et seq.* (hereinafter, "NYLL").

2. Plaintiff also brings unjust enrichment and breach of contract claims based on Defendants' failure to pay him according to the terms of an employment contract.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' company located at 88 Laight St, New York, New York 10013 and one or more of the Defendants named herein resides in this district.

## PARTIES

**Defendant Louise Blouin Media Group, Inc.**

6. Defendant **Louise Blouin Media, Inc.** d/b/a Louise Blouin Media (hereinafter "LBM") is a foreign corporation doing business within the County of New York, and whose principal place of business is located at 88 Laight St, New York, NY 10013. Its DOS Process agent is listed with the NYS Department of State as Louise Blouin Media Group, Inc. with an address of 601 West 26th Street, Suite 410, New York, New York 10001.

7. Defendant LBM operates a worldwide marketing and media company for high end art.

8. At all relevant times, Defendant Louise Blouin Media had annual gross revenues in excess of $500,000.

9. At all relevant times, Defendant Louise Blouin Media was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10. At all times material to this action, Defendant Louise Blouin Media was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

11. At all relevant times, Defendants' business activities were related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r).

**Defendant Louise Blouin**

12. Defendant Louise Blouin, an individual, resides in New York County, upon information and belief.

13. At all times material to this action, Defendant Blouin actively participated in the business of the corporation.

14. At all times material to this action, Defendant Blouin exercised substantial control over the functions of the company's employees including Plaintiff. Blouin had the authority to hire and fire, set wages, and direct and control the employees of LBM.

15. Plaintiff reported directly to Defendant Blouin.

16. At all times material to this action, Defendant Blouin was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

17. Defendant Blouin has an ownership interest in and/or is a shareholder of Louise Blouin Media.

18. Defendant Blouin is one of the ten largest shareholders of Louise Blouin Media.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Krishna v. Louise Blouin Media*
USDC, Southern District of New York

Complaint
Page 3

**Plaintiff Gopal Krishna**

19. Plaintiff Gopal Krishna is currently a resident of India.

20. At all times material to this action, Plaintiff Krishna was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e) and NYLL §190.

21. Plaintiff Krishna worked for Defendants from November 2012 to June 2014. His title was Acting Executive Vice President, Products & IMEA.

22. While in this position, Plaintiff Krishna's pay scheme was salary.

23. Plaintiff Krishna's rate of pay was $195,000.00 per year, to be paid monthly at $16,250 per month.

24. The agreement was that Plaintiff's pay was intended to compensate him for 27 hours of work a week.

25. Thus, Plaintiff's regular rate of pay was $139.96 per hour ($16,250/4.3/27), yielding an overtime rate of $209.94 per hour.

26. While working in this capacity, Plaintiff Krishna was not expected to record time worked.

27. Krishna estimates that generally he worked approximately 90 hours per week.

28. Plaintiff Krishna was not paid at a rate of one and one half times his normal hourly rate for all hours over 40 worked in a workweek.

**Additional Facts**

29. On November 23, 2012, Plaintiff and Defendant entered into an employment agreement ("Agreement") whereby Defendants employed Plaintiff in the position of Acting Executive Vice President, Products and IMEA (India, Middle East). <u>See</u> Exhibit "A" attached hereto.

30. The Agreement was negotiated and signed in person at Defendants' New York offices.

31. As a condition of employment, Defendants required Plaintiff to show legal authorization

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

to work in the United States.

32. Pursuant to the terms of the Agreement, Plaintiff, a United States/New York employee, was responsible for Defendants' global technology operations, Defendants' operations in India, and other tasks as required by Defendants.

33. Plaintiff's compensation was based on a specific three day per week work schedule of Tuesday-Thursday from 9:00 a.m. to 6:00 p.m.

34. In exchange for his agreement to work according to the above terms, Defendants agreed to pay Plaintiff a salary of $195,000 per year, in equal monthly installments of $16,250.00. Plaintiff was also entitled to paid time off (PTO) at a rate of one day per month worked.

35. The Agreement provided for a two-month notice period upon voluntary termination by either party.

36. Pursuant to the Agreement, upon termination, Defendants were required to pay all unpaid compensation, accrued PTO, and reimbursement for all unpaid business expenses.

37. In contravention of the agreement, Defendants required Plaintiff to work seven days a week for more than 12 hours per day.

38. Defendants stopped paying Plaintiff altogether in October 2013.

39. Defendants made multiple promises to Plaintiff that they would pay him if he continued working, which Plaintiff did.

40. Defendants agreed to compensate Plaintiff for the additional time they required him to work.

41. In or around January 2014, Plaintiff received a 1099-MISC (tax documentation) from Defendants in which Defendants had misclassified him as an independent contractor.

42. Due to Defendants misclassification and under reporting of income, Plaintiff suffered

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Krishna v. Louise Blouin Media*
USDC, Southern District of New York

Complaint
Page 5

additional tax liabilities.

43. In or around June 2014, Defendants terminated Plaintiff without prior notice.

44. Upon termination, Defendants did not pay Plaintiff's then due and owing compensation, including unpaid wages, PTO, and unpaid business expenses.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

45. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

*Failure To Pay Time Overtime Properly*

46. Defendants failed to compensate Plaintiff at a rate of one and one half times his normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

*Failure To Pay Minimum Wage*

47. Defendants failed to pay Plaintiff the minimum wage for all hours he worked, in violation of the FLSA.

*Failure to Pay Overtime Due to Misclassification As "Independent Contractor"*

48. Although Plaintiff worked overtime hours, Defendant did not pay Plaintiff time and half for hours over 40 worked in the workweek.

49. Defendants have been wrongfully treating Plaintiff as if he was an independent contractor when in fact he was an "employee" as defined by the FLSA.

50. Defendants set and modified Plaintiff's schedule.

51. The kind of work that Plaintiff performed is part of the company's normal business operations and services it renders.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Krishna v. Louise Blouin Media*
USDC, Southern District of New York

Complaint
Page 6

52. While working for Defendants, Plaintiff did not (and was not permitted to) work for other companies or entities.

53. When Plaintiff began working for Defendants, no specific duration was given for how long he would be working for the company.

54. At all times material to this action, the Plaintiff was in fact an "employee" within the meaning of 29 U.S.C. § 203(e).

*Late Payments*

55. On at least some occasions, Plaintiff did not receive his paychecks on the prescribed paydays.

56. Because the employer failed to pay wages or overtime on the regular payment date, Plaintiff is entitled to liquidated damages. See *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2nd Cir. 1960); *Arroyave v. Rossi*, 296 Fed. Appx. 835, 836 (11th Cir. 2008).

*Record-Keeping Failures*

57. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

*Willful & Not Based On Good Faith & Entitlement to Damages*

58. Defendants had no good faith basis for believing that their pay practices as alleged above (including total nonpayment for periods of time) were in compliance with the law.

59. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Krishna v. Louise Blouin Media*
USDC, Southern District of New York

Complaint
Page 7

60. As a result of the violations by Defendants of the FLSA, Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

**As And For A Second Cause of Action:**
**NEW YORK LABOR LAW (NYLL) VIOLATIONS**

61. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

62. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

*Failure To Pay Overtime*

63. Defendants failed to compensate Plaintiff at a rate of one and one half times his normal hourly rates for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

*Spread of Hours*

64. Plaintiff worked more than 10 hours on at least some workdays, but Defendants failed to pay him an additional one-hour's pay at the applicable minimum wage rate, in contravention of. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

*Failure To Pay Minimum Wage*

65. Defendants failed to pay Plaintiff the minimum wage for all hours he worked, in violation of NYLL § 652.

*Failure to Provide Pay Stubs / Wage Notices*

66. Defendants failed to furnish Plaintiff with a "wage notice" containing the rate or rates of

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Krishna v. Louise Blouin Media*
USDC, Southern District of New York

Complaint
Page 8

pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, in contravention of NYLL § 195(1)(a) and § 198(1)(b)

67. Defendants failed to furnish Plaintiff with "pay stubs," or a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of NYLL § 195(3), § 198(1)(d) and 12 N.Y. Comp. Codes R. & Regs. § 142-2.7.

*Record-Keeping Failures*

68. At all relevant times, Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

69. At all relevant times, Defendants failed to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

70. Defendants failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

*Unpaid Leave Time Pay-Out*

71. Upon Plaintiff's separation from Defendants, Defendants failed to pay him all accrued paid leave time to which he was entitled.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Krishna v. Louise Blouin Media*
USDC, Southern District of New York

Complaint
Page 9

*Willfulness and Damages*

72. Defendants willfully violated the rights of Plaintiff by failing to pay him for all of the hours he actually worked.

73. Defendants willfully violated the rights of Plaintiff by failing to pay him at a rate of not less than one and one-half times his regular rates of pay for each hour worked in excess of forty hours in a workweek, in violation of 12 N.Y. Comp. Codes R. & Regs. 142-2.2

74. Due to Defendants' New York Labor Code violations, Plaintiff is entitled to recover his unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code § 663(1).

### As And For A Third Cause of Action:
### BREACH OF CONTRACT/UNJUST ENRICHMENT

75. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

76. Plaintiff and Defendants had an employment contract.

77. Plaintiff agreed to perform certain functions for Defendants, in exchange for certain compensation.

78. Specifically, Defendants agreed to pay Plaintiff $195,000 per year, plus other incentives as described above. The Agreement also contained notice provisions as described above.

79. By failing to pay Plaintiff these amounts and adhere to the other specifics laid out in the Agreement, Defendants breached their contract of employment with Plaintiff.

80. In the alternative, if the contract were found unenforceable, Defendants have been unjustly enriched by withholding monies that rightfully belong to Plaintiff. Defendants are liable to Plaintiff in the amount of compensation unlawfully withheld from to him and other

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Krishna v. Louise Blouin Media*
USDC, Southern District of New York

Complaint
Page 10

appropriate damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Award Plaintiff unpaid and underpaid wages due under the FLSA and the New York Labor Law;

(B) Award Plaintiff liquidated damages in the amount of his unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(C) Award Plaintiff liquidated damages pursuant to NYLL § 663;

(D) Award Plaintiff "spread of hours" pay in the amount of one times the then-applicable minimum wage rate for each day Plaintiff worked 10 or more hours in a workday pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7.

(E) Award Plaintiff damages for Defendants' breach of the Agreement, or in the alternative for Defendants' unjust enrichment;

(F) Award Plaintiff interest;

(G) Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(H) Award such other and further relief as this Court deems necessary and proper.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Krishna v. Louise Blouin Media*
USDC, Southern District of New York

Complaint
Page 11

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **13th** day of **September**, **2016.**

ANDERSONDODSON, P.C.

*[signature: Penn Dodson]*

**Penn A. Dodson (PD 2244)**
*penn@andersondodson.com*

*[signature: Alex Gastman]*

**Alexander L. Gastman (AG 8241)**
*alex@andersondodson.com*

Attorney for Plaintiffs

11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 direct
(646) 998-8051 fax

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Krishna v. Louise Blouin Media*
USDC, Southern District of New York

Complaint
Page 12