UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOPAL KRISHNA,<br><br>    Plaintiff,<br><br>-against-<br><br>LOUISE BLOUIN MEDIA GROUP, INC., and LOUISE BLOUIN, individual,<br><br>    Defendants. | Case No. 16-cv-07147 (WHP) |

## JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND TO DISMISS THIS CASE WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT

Plaintiff Gopal Krishna ("Plaintiff") and Defendants Louise Blouin Media Group, Inc. and Louise Blouin ("Defendants"), by and through their respective undersigned counsel, hereby request that the Court approve their Settlement and Release Agreement ("Settlement Agreement"), which is contemporaneously filed with this motion.  In support of this Motion, the parties state as follows:

1.  On September 23, 2016, Plaintiff initiated a civil action against Defendants by filing a Complaint in this action.  *See* ECF No. 1.  The Complaint alleges that the Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), New York Labor Law, Art. 19 § 650 *et seq.* ("NYLL"), breach of contract, and unjust enrichment.

2.  Defendants filed their Answer on January 31, 2017 denying all liability for the claims alleged in Plaintiff's Complaint. *See* ECF No. 22.

3.  The parties exchanged and responded to requests for production of documents and interrogatories and produced responsive documents.

4. The parties now desire to resolve, settle, and dispose of all FLSA, NYLL, breach of contract, and unjust enrichment claims that have been or could have been brought against Defendants by Plaintiff, including but not limited to, Plaintiff's claims against Defendants in the above captioned lawsuit.

5. In the Second Circuit, a compromise of an FLSA claim either must be supervised by the Secretary of Labor or must be approved by the District Court. *See Cheeks v. Freeport Pancake House, Inc*, 796 F.3d 199, 200 (2d Cir. 2015). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of *a bona fide* dispute over FLSA provisions. *Lopez v. Nights of Cabiria, LLC,* 96 F. Supp. 3d 170 , 176 (S.D.N.Y. 2015).

6. "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal citation omitted).

7. On March 30, 2018, the parties' counsel attended a settlement conference before a Magistrate Judge Debra Freeman. During this conference, Judge Freeman ordered the parties to provide the court with *ex parte* submissions outlining each party's settlement position, claims and defenses, and supporting facts or law.

8. On or around April 6, 2018, the parties submitted confidential submissions to Judge Freeman containing settlement position and factual and legal support for each party's claims and defenses. During the ensuing week, Judge Freeman held several, separate telephonic conferences with the parties represented by counsel to assist the parties in negotiating a settlement.

9. On April 13, 2018, the parties agreed in principle to fair and reasonable terms for fully and finally resolving this civil action.

10. Subsequently, the parties fully executed the Settlement Agreement, which sets forth the terms of the Parties' settlement.

11. None of the factors articulated in *Cheeks* would preclude approval of this settlement. Preliminarily, however, because the FLSA does not only apply to "low wage" workers, we address the remainder of the issues raised therein. First, there is no confidentiality provision in the Agreement. Second, the release in this case pertains to the wage related issues raised in the Lawsuit. Third, none of the amount apportioned to Plaintiff's FLSA claims is for attorney fees or costs. Fourth, the Agreement contains no restriction on Plaintiff's counsel's ability to represent other individuals. Fifth, the settlement was not entered into on the basis of Plaintiff's economic desperation. Plaintiff was not a "low wage" worker as contemplated in *Cheeks*; as alleged in the Complaint he was a Vice President with a base salary of $195,000 and the settlement amount is for a significant amount of money, not the small amounts at issue in the cases cited.

12. Further, in this case, there exists between the parties significant *bona fide* dispute under the FLSA unlike those at issue in most wage claims. In particular,

13. Defendants contend that because the Plaintiff resided and worked outside the United States for almost the entirety of his work for Defendant Louise Blouin Media Group, Inc. and related entities, Plaintiff may not avail himself of the FLSA's protections. *See* 29 U.S.C. § 213(f) (the FLSA does not apply "to any employee whose services during the workweek are performed in a workplace within a foreign country."); *see also Morelli v. Cedel*, 141 F.3d 39, 42 (2d Cir. 1998). Defendants further contend that the statute of limitations may bar the entirety of the claim regardless of whether the FLSA applies to Plaintiff. Plaintiff filed his Complaint on September 23, 2016 and Defendants contend his last day of work was December 30, 2013. 29 U.S.C. § 255(a); *see, e.g., Cabrera v. N.Y. Fresh Meat Inc.*, No. 1:15-cv-01325, (S.D.N.Y. Mar. 29, 2018) (FLSA statute of limitations is two years unless employer's acts are found to be "willful"). In addition, Defendants contend that Plaintiff would have been exempt as. *inter alia*, a highly-compensated executive and/or administrative employee. Finally, Defendants have also asserted that, especially during the applicable statutory period if not during the entirety of his tenure with the company, he was an independent contractor rather than an employee.

14. On this basis, the parties have agreed that Plaintiff will accept $1,000 in exchange for his agreement to dismiss his FLSA claims. Defendant contends that the actual value of his FLSA claims is zero, so there is no "compromise" of the minimum wage and/or overtime FLSA claim damages warranting approval as per the language of *Lynn's Foods* upon which *Cheeks* is premised. Thus, on this basis the parties contend that approval of the settlement is not actually necessary under the facts specific and unique to this particular case. This motion is submitted in an abundance caution out of recognition of the caselaw surrounding *Cheeks* and because the Complaint contains allegations pertaining to the FLSA.

15. The parties acknowledge that the outcome of this civil action is uncertain, and that achieving a final result through litigation requires additional risk, discovery, time and expense. To avoid additional costs and the uncertainty of litigation, the parties have agreed to a settlement amount stated in the Settlement Agreement.

16. As a result, the settlement reached under the Settlement Agreement is a fair and reasonable settlement of Plaintiff's FLSA-related claims and is fair and equitable under the above enumerated principles concerning FLSA settlements. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

17. The purpose of this Joint Motion is to present the Settlement Agreement to the Court for final review and approval.

18. In reaching this settlement, the parties were represented by their respective attorneys throughout the litigation and settlement process.

19. The parties took into account all known facts, including the risk and uncertainty of litigation, the defenses asserted by Defendants and the significant time delay to litigate this civil action.

20. The Parties believe that the likely duration, uncertainty, and expense of future litigation would be a burden on the Parties and the Court.

21. The parties believe that, in light of the above, the parties' settlement as set forth in the Settlement Agreement is a fair, reasonable and adequate resolution of this civil action.

- 6 -

**WHEREFORE**, Plaintiffs and Defendants jointly and respectfully request that the Court enter an Order approving their Settlement Agreement and dismissing this civil action in its entirety with prejudice, with each party to bear their own attorneys' fees and costs. A proposed Order is attached.

Respectfully submitted,

Dated: April 27, 2018

| FOR PLAINTIFF: | FOR DEFENDANTS: |
|---|---|
| ANDERSON DODSON, P.C. | REED SMITH LLP |
| s/ *Penn Dodson* | s/ *Christopher Bouriat* |
| Penn Dodson, Esq. | Christopher S. Bouriat, Esq. |
| 11 Broadway, Suite 615 | Reed Smith Centre |
| New York, NY 10004 | 225 Fifth Avenue |
| T: (212) 961-7639 | Pittsburgh, Pennsylvania 15222 |
| F: (646) 998-8051 | T: (412) 288-4119 |
| E: penn@andersondodson.com | F: (412) 288-3063 |
|  | E: cbouriat@reedsmith.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the date indicated below, the foregoing Joint Motion for Court Approval of Settlement Agreement was filed electronically with the Court. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system, and the parties may access this filing through the Court's system.

>*/s/ Christopher Bouriat*
>Christopher Bouriat
>*Counsel for Defendant*

Dated:  April 27, 2018

# ATTACHMENT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **GOPAL KRISHNA,**<br><br> **Plaintiff,**<br><br>-against-<br><br>**LOUISE BLOUIN MEDIA GROUP, INC., and LOUISE BLOUIN, individual,**<br><br> **Defendants.** | Case No. 16-cv-07147 (WHP) |

## ORDER

 AND NOW, on this _____ day of _____, 2018, upon consideration of the Parties' Joint Motion for Court Approval of Settlement Agreement and To Dismiss This Case With Prejudice and the Parties' Settlement and Release Agreement, it is ORDERED, ADJUDGED, AND DECREED that said Joint Motion is GRANTED, that the Parties' Settlement and Release Agreement is APPROVED as a fair, reasonable, and adequate settlement of the above-captioned civil action, and that the above-captioned civil action is DISMISSED in its entirety WITH PREJUDICE.

                BY THE COURT:

                _____
                William H. Pauley III
                United States District Judge

ecf/cc: All Counsel of Record